UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY CARLISLE, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:19-cv-674 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| MATT MACAULEY, | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER ADOPTING REPORT & RECOMMENDATION

On October 11, 2019, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court deny Petitioner Tracy Carlisle's habeas corpus petition (ECF No. 12). Carlisle timely objected (ECF No. 13). For the reasons to be discussed, the Court will overrule the objections and adopt the R&R as the Opinion of the Court.

### Legal Framework

When deciding a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district

court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The R&R concluded that Carlisle did not timely file his petition. Carlisle now objects on two grounds: he reiterates the merits of his petition, and objects to the R&R's conclusion by arguing that his judgment did not become final on the date of sentencing because the sentencing judge left the amount of restitution to be determined.

First, the Court considers Carlisle's objection to the extent that it reiterates the merits of his habeas petition. Carlisle does not point to a specific error in the R&R, nor could he: The R&R did not reach the merits of his petition. Therefore, the Court need not review this objection. *Mira*, 806 F.2d at 637. This objection is overruled.

The remainder of Carlisle's objection argues that his petition is not time-barred because the time for reviewing his sentence has not yet expired. Carlisle claims that the trial judge has not yet entered a final judgment because the trial judge deferred decision on the amount of restitution. Thus, Carlisle argues, his sentence has not yet become final and the AEDPA's one-year clock has not begun. This argument fails: a judgment of conviction is

immediately appealable irrespective of a delay in determining the restitution amount. *Dolan v. United States*, 560 U.S. 605, 617-18 (2010). Thus, the window for Carlisle to appeal his judgment began when he was sentenced. It does not remain open because the trial court left the amount of restitution to be decided on a later date. This objection will be overruled, and the R&R's conclusion about the AEDPA's one-year clock will be upheld: Carlisle's petition was untimely.

Since the R&R was filed, Carlisle has filed a second petition for writ of habeas corpus, bringing the same arguments (ECF No. 14), and a motion for bond pending habeas review (ECF No. 20). The second petition will be denied on the same grounds as the first and the motion for bond will be dismissed as it is now moot. Accordingly,

**IT IS ORDERED** that the October 11, 2019 R&R (ECF No. 12) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objection to the R&R (ECF No. 13) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the petitions for habeas relief (ECF Nos. 1, 14) are **DENIED**.

**IT IS FURTHER ORDERED** that the motion for bond pending habeas review (ECF No. 20) is **DISMISSED as moot.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: August 17, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

3